## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| M & S GRADING, INC., | ) | |
| | ) | CASE NO. BK02-81632-TJM |
| Debtor(s). | ) | A09-8056-TJM |
| CONTRACTORS, LABORERS, | ) | |
| TEAMSTERS & ENGINEERS HEALTH | ) | |
| & WELFARE BENEFIT PLAN; | ) | |
| CONTRACTORS, LABORERS, | ) | |
| TEAMSTERS & ENGINEERS | ) | |
| PENSION PLAN; and OPERATING | ) | |
| ENGINEERS, LOCAL NO. 571, | ) | |
| | ) | |
| Plaintiffs, | ) | CH. 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| INTERNAL REVENUE SERVICE and | ) | |
| JAMES KILLIPS as Trustee for M & S | ) | |
| Grading, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the court on the United States' motion to dismiss for failure to state a claim (Fil. #21) and resistance by the plaintiffs (Fil. #22). M. H. Weinberg represents the plaintiffs, and Shana M. Starnes represents the United States.

The motion is denied.

The plaintiffs in this case hold a significant claim against the bankruptcy estate for unpaid ERISA plan payments under a collective bargaining agreement with the debtor. The IRS holds an administrative expense claim for post-petition payroll taxes, interest, and penalties. The plaintiffs filed this lawsuit seeking to have the defendants prove that the IRS actually holds an administrative claim, and, if so, then the plaintiffs believe equitable subordination or equitable estoppel should move their administrative expense claim ahead of the IRS's. The IRS now moves to have the complaint against it dismissed for failure to state a claim.

Federal procedural rules require a complaint to "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Fed. R. Bankr. P. 7008(a). The court accepts "as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008).

The United States Supreme Court recently modified the standards for courts to consider when scrutinizing a complaint pursuant to a Rule 12(b)(6) motion:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

The plaintiffs need not provide specific facts in support of their allegations, Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), but they must include sufficient factual information to provide the "grounds" on which the claim rests, and to raise a right to relief above a speculative level. Twombly, 127 S. Ct. at 1964-65 & n. 3. The complaint must "provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005). Otherwise, a plaintiff with no hope of showing proximate causation could require inefficient expenditure of resources and potentially induce a defendant to settle a meritless claim. Id.

Schaaf, 517 F.3d at 549.

The IRS specifically objects to the following causes of action raised by the plaintiffs:

1.   the challenge to the status of post-petition taxes, penalties, and interest as an administrative claim;

2.   equitable subordination, and specifically the necessary element of inequitable conduct; and

3.   equitable estoppel.

The IRS holds a claim of $1,108,047.15 in post-petition employment taxes, interest, and penalties.[1] The plaintiffs hold an allowed Chapter 11 administrative expense claim of $559,533.55 for delinquent plan contributions, ancillary damages, and attorneys' fees. The funds available for distribution are not sufficient to cover the full amount of either claim.

The plaintiffs argue that the post-petition taxes cannot be administrative expenses if the funds that should have gone to pay the taxes were instead used for purposes that did not benefit the estate. Section 503(b)(1)(B)(i) provides that "any tax incurred by the estate" is an allowed administrative expense. "Incurred by the estate" means incurred post-petition. Knudsen v. Internal Revenue Serv. (In re Knudsen), 581 F.3d 696, 708-09 (8th Cir. 2009). There is no requirement in the statute that the taxes also provide a benefit to the estate before they can be characterized as an administrative expense. Id. at 709; In re Baltimore Marine Indus., Inc., 344 B.R. 407, 414 (Bankr. D. Md. 2006). Therefore, the claim for post-petition taxes is an administrative expense. The administrative expense claim for the taxes also includes the penalties and interest. § 503(b)(1)(C); United States v. Noland, 517 U.S. 535 (1996); United States v. Annett Ford, Inc. (In re Annett Ford, Inc.), 64 B.R. 946 (D. Neb. 1986); In re Parmenter, 124 B.R. 565 (Bankr. D. Neb. 1990).

The plaintiffs argue that the IRS claim should be subordinated to their claim under § 510(c)[2] because the IRS allegedly misrepresented that it would collect the post-petition taxes from the debtor. This purported misrepresentation results from a stipulation among the debtor, the IRS, and First National Bank of Omaha in the Chapter 11 case that the debtor would

deposit, at the time each payroll is made, in Account Number 11282859, at FNBO, the aggregate of the employer's share of Social Security and FUTA taxes, plus all withholding, Social Security and excise taxes so deducted, withheld, collected or otherwise due by the debtor;

IT IS FURTHER STIPULATED that FNBO waives any security interest and right of setoff as to any taxes deposited into Account Number 11282859;

IT IS FURTHER STIPULATED that Debtor shall not deposit any tax funds into any account other than Account Number 11282859 without the express written consent of FNBO and the [IRS];

IT IS FURTHER STIPULATED that all of the employment taxes shall be

---

[1]The tax due is $914,845.51, interest is $26,076.16, and penalties are $167,125.48.

[2]In relevant part, that section provides:

[A]fter notice and a hearing, the court may —

(1) under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest; or

(2) order that any lien securing such a subordinated claim be transferred to the estate.

paid to the [IRS] by electronic funds transfer system immediately after they are deposited into the account[.]

Stipulation Requiring Debtor to File Tax Return, to Deposit Taxes and for Reporting Tax Deposits, at 2 (Fil. #110 in Case No. BK02-81632-TJM).

According to the plaintiffs, the tax monies were not deposited as stipulated, but instead remained in the debtor's general operating account to be seized by FNBO when it obtained relief from the automatic stay. The plaintiffs hold the IRS responsible for not ensuring that the taxes were sequestered and collected as agreed. The plaintiffs characterize the stipulation as a representation by the IRS that it would seek and obtain collection of taxes withheld from the employees' paychecks; the terms of the stipulation were approved by court order, upon which the plaintiffs relied; and the IRS's failure to collect the money was a misrepresentation upon which the plaintiffs detrimentally relied because they now have to contend with the IRS's large administrative claim.

The purpose of equitable subordination is to "undo or offset any inequity in the claim position of a creditor that will produce injustice or unfairness to other creditors in terms of the bankruptcy results." Bunch v. J.M. Capital Fin., Ltd. (In re Hoffinger Indus., Inc.), 327 B.R. 389, 415 (Bankr. E.D. Ark. 2005) (quoting Bostian v. Schapiro (In re Kansas City Journal-Post Co.), 144 F.2d 791, 800 (8th Cir. 1944)). The court's power to exercise equitable subordination is limited; it is "not authorized in the name of equity to make wholesale substitution of underlying law controlling the validity of creditors' entitlements, but [is] limited to what the Bankruptcy Code itself provides." Raleigh v. Illinois Dept. of Revenue, 530 U.S. 15, 24-25 (2000).

Equitable subordination of one claim in favor of another under 11 U.S.C. § 510(c) generally requires (1) some inequitable conduct by the claimant; (2) resulting in injury to other creditors or conferring an unfair advantage on the claimant; and (3) an outcome from the subordination that is not inconsistent with other provisions of the Bankruptcy Code. Contractors, Laborers, Teamsters & Eng'rs Health & Welfare Plan v. M & S Grading, Inc. (In re M & S Grading, Inc.), 541 F.3d 859, 866 (8th Cir. 2008); Bergquist v. Anderson-Greenwood Aviation Corp. (In re Bellanca Aircraft Corp.), 850 F.2d 1275, 1282 (8th Cir. 1988). However, a showing of inequitable conduct is not necessary with regard to cases in the Eighth Circuit involving tax penalties. M & S Grading, 541 F.3d at 867 n.5; Schultz Broadway Inn v. United States, 912 F.2d 230, 233 (8th Cir. 1990).

A finding that equitable subordination is appropriate requires a factual inquiry. The principles of equitable subordination adopted in § 510 permit the court "to make exceptions to a general rule *when justified by particular facts*." Noland, 517 U.S. at 540 (emphasis added).

Likewise, the plaintiffs argue that the IRS should be equitably estopped from recovering on its administrative claim by its "affirmative misconduct" in failing to collect the taxes. Equitable estoppel generally requires that the party claiming the estoppel "must have relied on its adversary's conduct in such a manner as to change his position for the worse, and that reliance must have been reasonable in that the party claiming the estoppel did not know nor should it have known that its adversary's conduct was misleading." Heckler v. Cmty. Health Servs. of Crawford County, Inc., 467 U.S. 51, 59 (1984) (internal quotations omitted). However, the ability of a litigant to assert equitable

-4-

estoppel against the government is an open question. <u>Office of Pers. Mgmt. v. Richmond</u>, 496 U.S. 414, 423 (1990) ("We leave for another day whether an estoppel claim could ever succeed against the Government."). Even if the government may be estopped, the party asserting the estoppel must first establish affirmative misconduct, which is "a heavy burden to carry." <u>Morgan v. Comm'r</u>, 345 F.3d 563, 566 (8th Cir. 2003).

While the plaintiffs bear "a heavy burden" in bringing forth sufficient facts to convince this court that the conduct of the IRS should lead to equitable subordination or equitable estoppel of its claim, the allegations in the complaint are sufficient "to raise a right to relief above a speculative level" and survive a motion to dismiss on those causes of action. However, the existence of the IRS's administrative claim is not open to challenge; the only matter to be decided in this case is how the available funds will be apportioned between these two claimants.

IT IS ORDERED: The United States' motion to dismiss for failure to state a claim (Fil. #21) is denied.

DATED:        April 8, 2010

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
        M. H. Weinberg
        *Shana M. Starnes
        U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.